USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
GEORGE TUCKER,                          :
                         Petitioner,    :
                                        :    08 Civ. 7820 (DLC)
              -v-                       :
                                        :    OPINION & ORDER
                                        :
LOUIS MARSHALL, Superintendent of Sing  :
Sing Correctional Facility,             :
                         Respondent.    :
----------------------------------------X
```

Appearances:

For petitioner:

Amy Elizabeth Howlett
125 Broad Street, 33rd Floor
New York, NY 10004

Steven Banks
Lawrence T. Hausman
The Legal Aid Society
199 Water Street, 5th Floor
New York, NY 10038

For respondent:

Paul M. Tarr
Office of the Attorney General, New York State
120 Broadway
New York, NY 10271

DENISE COTE, District Judge:

On September 8, 2008, George Tucker filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, following his conviction at a jury trial on one count of robbery in the third degree and his sentence to an indeterminate term of imprisonment of fifteen years to life as a persistent felony

offender. On August 4, 2009, in a thorough and scholarly report ("Report"), the Honorable Michael H. Dolinger recommended that the petition be denied. That recommendation is accepted.

## BACKGROUND

The evidence at trial established that on June 27, 2004, in the Times Square area of Manhattan, Tucker reached into the pants pocket of a tourist, grabbed $167.00, pushed him to the ground, and then ran away, chased by the tourist and a bystander. Tucker was arrested at a nearby hotel about half an hour later with the money. At the hotel, Tucker struggled and wrestled on the floor with hotel security.

In summation, defense counsel argued that Tucker had not pushed the victim, who had simply tripped or stumbled. In his summation, the prosecutor argued that Tucker had used force by pushing his hand into the victim's pocket, by pushing the victim to the ground, and then by pushing away and fighting with the hotel security officers as he tried to run away. Defense counsel asked for a mistrial, a curative instruction, or a chance to re-open the defense summation on the ground that the defense did not have notice that the crime for which Tucker was on trial encompassed the incident at the hotel. The trial court denied each of these requests.

2

In the charge to the jury, the court explained that the State had to prove forcible stealing by showing that "when in the course of committing a larceny, such person uses or threatens the immediate use of physical force upon another person for the purpose of compelling the owner of such property to deliver up the property or for the purpose of preventing or overcoming resistance to the taking of the property." The trial court refused the defendant's request that the jury be specifically instructed that the struggle at the hotel could not be considered in determining whether there had been a forcible taking of property. But, the court did not instruct the jury that it could find the defendant guilty by finding that he used physical force to <u>retain</u> stolen property immediately after the taking, which is another prong of robbery in the third degree. N.Y. Penal Law § 160.00.

On April 28, 2005, the trial court received certificates of disposition for Tucker reflecting nine prior felony convictions, six of which had resulted in a sentence of more than one year. On May 2, the court sentenced Tucker as a persistent felony offender to a minimum of fifteen years' and a maximum of life imprisonment.

The Appellate Division affirmed the conviction and sentence in 2007, reaching the merits of each of the claims that Tucker presses in this petition. Among other things, it found that

3

Tucker's use of force in pushing the victim and in struggling at the hotel constituted an "unbroken chain of events completing the robbery." People v. Tucker, 839 N.Y.S.2d 15, 17 (1st Dep't 2007). Rejecting an Apprendi argument that the sentencing court had engaged in impermissible fact finding that increased the sentence, it ruled that the state's highest court had interpreted the sentencing statute as requiring only a finding of prior convictions to trigger the designation of a persistent felony offender. Id. Leave to appeal to the New York Court of Appeals was denied.

## DISCUSSION

The Report recommends that each of Tucker's three claims of error at trial be rejected. Tucker's petition claims that he was denied his constitutional right to notice of the charges as a result of the State's constructive amendment of the indictment at summation, that he was denied assistance of counsel when the trial court rejected the request to re-open the defense summation to address the constructive amendment, and that the enhancement of his sentence under the persistent felony offender statute above the otherwise available statutory maximum denied him due process and his right to a jury trial. Tucker's counsel has filed timely objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must make a de novo determination of the portions of the report to which petitioner objects. 28 U.S.C. § 636(b)(1); see United States v. Oberoi, 547 F.3d 436, 453 (2d Cir. 2008) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review Section 2254 petitions where the state court has reached the merits of the federal claim. Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. at § 2254(e)(1).

1. Notice Claim

Applying AEDPA deference to the Appellate Division's decision on the merits rejecting Tucker's argument that he was not given adequate notice of the charges he faced at trial, the

Report noted that Tucker's argument relies on dicta in Cole v. Arkansas, 333 U.S. 196 (1948), rather than its holding.  The Report explained that the factual argument advanced by the State at Tucker's trial was directed to the statutory charge made in the indictment and evidence received at trial.  The error addressed in Cole involved the substitution on appeal of an uncharged statutory violation with different elements from the charged offense.  Moreover, as the Report pointed out, the trial court's charge to the jury was entirely consistent with Tucker's theory of the case, since it did not include the additional prong of the robbery statute which would have allowed a conviction upon finding that Tucker used physical force upon another for the purpose of retaining property immediately after he took it.  See N.Y. Penal Law § 160.00.  The Report concluded that Tucker has not shown that the Appellate Division's decision was contrary to or represented an unreasonable application of Supreme Court precedent.

The objections to the Report complain that the Report failed to consider that the State had provided Tucker with its theory about the time, place and manner of the crime, and that it changed its theory of the case during summation, depriving Tucker of the notice to which he was entitled.  The objections argue that that new theory would have allowed Tucker to be convicted because he used force against security guards at the

6

hotel, rather than against the victim at the scene of the theft. In these objections, Tucker emphasizes the State's response to the motion for a Bill of Particulars. That response, as described in the Report, listed the "occurrence" as taking place at approximately 2:30 p.m. at 570 Seventh Avenue, and the "arrest" as taking place at approximately 3:03 p.m. at the hotel at 234 West 42nd Street. The response also listed the currency and other items seized from the defendant at his arrest.

The objections fail again to show that the Appellate Division's rejection of Tucker's notice claim was contrary to or an unreasonable application of Supreme Court precedent. Tucker continues to argue that the Appellate Division's analysis was an unreasonable application of Cole, but it was not. The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254 (d), refers to the "holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005) (citation omitted). As explained in detail in the Report, and as briefly described above, the holding in Cole does not address the kind of error that Tucker asserts occurred here. Moreover, the objections do not grapple with the Report's observation that the charge given to the jury was entirely consistent with the defense view of the charges that Tucker faced, and did not

7

permit the jury to convict Tucker based solely on a finding that he had used force to retain stolen property. In sum, Tucker has failed to show that his petition should be granted because he was deprived of notice of the crime for which he was tried and convicted.

2. Summation Claim

The Report recommends rejection of Tucker's claim that he was denied assistance of counsel when the trial court denied counsel's request to deliver a second summation. The Report did so principally because this second claim hinged on the first claim of error, that is, that Tucker had been denied the right to notice of the charge against him. The Report observed that the fact that defense counsel "did not anticipate one aspect of the prosecutor's argument about the evidence does not trigger a constitutional right of a defendant to have the last word." Again, according to the Report, Tucker failed to show that the Appellate Division's decision rejecting this claim of error was contrary to or an unreasonable application of Supreme Court law.

In his objections, Tucker argues that he was not seeking a second summation, but was seeking the opportunity to make a closing argument of any kind with regard to a newly-charged crime. For the reasons amply explained in the Report, this characterization of the trial fails. Tucker had full notice of

the crime of which he was convicted, and had no right to a second summation to address the prosecutor's discussion of Tucker's struggles at the scene of arrest.  Tucker has failed to show that the Appellate Division unreasonably applied the holding in any Supreme Court case when it rejected this claim on the merits.

3. Apprendi Claim

Tucker argues that the imposition of an enhanced sentence pursuant to New York's persistent felony offender statute violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, because the sentencing court made factual determinations that extended beyond consideration of his prior felony convictions.  The persistent felony offender statute, N.Y. Penal Law § 70.10, allows a judge to impose a class A-1 felony sentence in place of the statutorily prescribed sentence when the judge determines that the defendant is a persistent felony offender and "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest."  The enhancement is discretionary, but permitted when a defendant has been previously convicted of two or more felonies that resulted in a term of imprisonment in excess of one year and for which

9

the defendant was imprisoned prior to the commission of the current felony. Based on this statute, Tucker was eligible for an enhanced sentence beyond the three-to-seven-year sentence he faced as a second offender convicted of third-degree robbery. See N.Y. Penal Law §§ 70.00(2)(d), 160.05.

The Report explained that the New York Court of Appeals has ruled in People v. Rosen, 96 N.Y.2d 329, 334-35 (2001), and People v. Rivera, 5 N.Y.3d 61, 68 (2005), that the persistent felony offender statute does not run afoul of Apprendi because the only trigger for the enhancement eligibility is a determination of the defendant's prior criminal history. Thus, the defendant's character and circumstances only govern how a sentencing court should exercise its discretion for eligible defendants; they do not establish eligibility for the enhancement. In Brown v. Greiner, 409 F.3d 523, 534-35 (2d Cir. 2005), and again in Brown v. Miller, 451 F.3d 54, 59 (2d Cir. 2006), this Circuit has accepted that analysis of the state statute by the state's highest court.

Tucker's objections briefly address his third claim, but do not point to any error in the Report's analysis of the claim. Having reviewed the claim de novo, it is rejected here as well.

CONCLUSION

The September 8, 2008 amended petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Tucker has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED:

Dated:   New York, New York
         August 27, 2009

              _____
                       DENISE COTE
              United States District Judge

COPIES SENT TO:

Amy E. Howlett
125 Broad Street, 33rd Floor
New York, NY 10004-2498

Magistrate Judge Dolinger

Paul M. Tarr
Office of the New York State Attorney General
120 Broadway
New York, NY 10271